SHIVERS, Judge.
Appellant/wife, Marion Elizabeth Roake, appeals a final judgment of dissolution of marriage challenging both the trial court’s order that the wife bear responsibility for payment of the first and second mortgages on the marital home and the sufficiency of the trial court’s award of child support. We affirm in part, reverse, and remand for further proceedings.
The record indicates that the parties to this appeal were married in 1973 and purchased a marital home in Niceville, Florida in 1975. Wife filed a petition for dissolution of marriage on January 27, 1987. In April of 1987, the trial court entered a temporary order directing the husband to pay: (1) $650 per month as temporary support for the wife and the parties’ two minor children; (2) both the first mortgage ($372.64 per month) and the second mortgage ($160.13 per month) on the marital home; and (3) “all of the marital debts and obligations incurred during the marriage, regardless of whose names were stated on said debts and obligations and to keep said debts and obligations current until further order of this court.” At the time the temporary order was entered, the first mortgage on the marital home had a balance of $32,000, and the second mortgage had a *892 balance of approximately $3,200. In addition, the parties had miscellaneous outstanding marital debts of approximately $18,000.
In October of 1987 (prior to the final hearing), the parties agreed to refinance the second mortgage on the marital home in order to consolidate their other outstanding debts. As a result, the montly payments on the second mortgage increased from $160.13 to $481, and the outstanding balance on the second mortgage increased to $23,200. The husband continued to make both monthly mortgage payments, as ordered by the court.
In February of 1988, the trial court entered a final order of dissolution, giving the wife principal custody of the two minor children. The husband was ordered to pay $710 per month in child support, rehabilitative alimony in the amount of $290 per month for 36 months, $1,000 in lump sum alimony, and the wife’s attorney’s fees. The wife was awarded the exclusive use, possession, title, and ownership of the marital home, and was ordered to take responsibility for both the first and second mortgages.
We reverse that portion of the final judgment holding wife responsible for payment of both mortgages, finding it to constitute an abuse of the trial court’s discretion under Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). According to the statement of evidence,[1] the wife testified at the final dissolution hearing that she did want the marital home and would be willing to pay the first mortgage, but could not afford to pay the second mortgage. Since the husband and wife in this case have approximately equal earning capacities, since the evidence indicates that the wife voluntarily left her $19,000 a year Civil Service job at the time of the final hearing and was attempting to start her own business, and since the wife did request possession of the marital home, we would be inclined to affirm the trial court’s order if the wife were, indeed, paying only for the home by making the first and second mortgage payments. According to the evidence, however, it appears that at least a portion of the proceeds of the refinanced second mortgage were either placed directly into the husband’s separate checking account or were used to pay off obligations incurred solely by the husband. Even assuming all of the proceeds of the refinanced second mortgage were used to pay off joint marital obligations, we would find it inequitable under the facts of this case to require the wife to bear sole responsibility for repayment of the loan. We therefore reverse that portion of the final judgment of dissolution ordering the wife to bear responsibility for payment of the first and second mortgages on the marital home, and remand for the trial court to revisit the issue of title to the marital home and payment of mortgages. We find no abuse of discretion in the trial court’s award of child support, but realize that the court may find it necessary to revisit this issue as well in refashioning the obligations of each of the parties, as part of the overall scheme of distribution. Noah v. Noah, 491 So.2d 1124 (Fla.1986).
MILLS and WENTWORTH, JJ., concur.

. The February 2, 1988 final hearing was not recorded, but a stipulated Statement of Evidence was placed in the record on appeal.